**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL JONES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Case No. 4:21-CV-00137** |
| **v.** | ) |
| | ) |
| **CITY OF ST. LOUIS**, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

<u>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
TO STAY PROCEEDINGS**</u>

COME NOW Defendants, by and through their attorney Sheena Hamilton, City Counselor for the City of St. Louis, and pursuant to Federal Rule of Civil Procedure 26(c), hereby move for an order to stay proceedings in this matter, and in support thereof state:

<u>**INTRODUCTION & PROCEDURAL HISTORY**</u>

Plaintiff alleges that in August 2013 he was charged in St. Louis City with one felony and one misdemeanor. (Doc. 16 ¶ 13). He was held at the St. Louis Medium Security Institution ("MSI") pending trial. (*Id.* ¶ 14). On November 26, 2013, Plaintiff's case was dismissed. (*Id.* ¶ 16). Plaintiff alleges he remained wrongfully incarcerated for an additional eight months at MSI after his charges were dismissed. (*Id.* ¶¶ 16, 17, 20). Plaintiff was released from custody on or after July 24, 2014. (*Id.* ¶ 20).

In this action, Plaintiff seeks damages resulting from his eight-month period of incarceration during which he alleges there were no charges pending against him. He also seeks damages for having been subjected to alleged "unsanitary" and other "poor

1

conditions" during his confinement, including mold, outbreaks of scabies and lice, asbestos insulation, bug and animal infestations, and unsafe temperature regulation. (*Id.* ¶¶ 29-34).

On May 24, 2021, Defendants filed a motion to dismiss the Amended Complaint arguing, in part, that Plaintiff's claims were time-barred by the applicable statute of limitations. (Doc. 20). Defendants' motion to dismiss the Amended Complaint was fully briefed on July 4, 2021. (Doc. 34). To date, the Court has yet to rule on Defendants' motion to dismiss.

This Court should stay proceedings in this matter because: 1) Plaintiff is a member of a class action lawsuit currently pending against City for jail conditions; and 2) the Court has yet to rule on Defendants' motion to dismiss.

    1) <u>Plaintiff is a member of a class action lawsuit currently pending against City for jail conditions.</u>

On May 25, 2022, Judge Fleissig certified a class of persons bringing suit against the City of St. Louis for conditions at the Medium Security Institution ("MSI"). *Cody v. City of St. Louis*, 4:17-CV-2707 AGF, 2022 WL 1658787, at *9 (E.D. Mo. May 25, 2022). The pertinent class is: "**Narrowed Pre-Trial Conditions Class**: All persons who were pretrial detainees in MSI between November 13, 2012 and July 1, 2018." Conditions at issue in that case include mold, inadequate sanitation, extreme temperatures, and bug and animal infestation, amongst others. (*Cody v. City of St. Louis*, 4:17-CV-2707 AGF, Doc. 333, ¶ 1).

Plaintiff's amended complaint alleges he was a pre-trial detainee at MSI from August 2013 until July 24, 2014. (Doc. 16, ¶¶ 13, 20). He complains, like the representatives in *Cody*, that while at MSI he suffered unsanitary conditions, including,

mold, inadequate sanitation, extreme temperatures, and bug and animal infestation. (Doc. 16, ¶¶ 30-34). As such, Plaintiff is a member of the Narrowed Pre-Trial Conditions Class as outlined in *Cody*. [1]

Given that Plaintiff is a member of the class at issue in *Cody*, proceedings in this matter should be stayed. A class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01, (1979)). A Rule 23(b)(3) class action, like *Cody*, advances the individualized monetary claims of class members in which one size does not fit all. Because of this, Rule 23(b)(3) class members are entitled to notice of the class action and must exclude themselves in order to pursue their individual claims for monetary relief. *Id.* at 362-63; *see* Rule 23(c)(2)(B). Upon information and belief, Plaintiff has not opted out of *Cody*; therefore, any claim against City for conditions may not proceed. § 5:78. Rule 23(b)(3)—Notice to the class—Notice and right to opt out are mandatory in Rule 23(b)(3) actions, 1 McLaughlin on Class Actions § 5:78 (18th ed.) ("A class member who fails to exercise the opt-out option, will be deemed to have consented to jurisdiction and will be bound by the class action proceedings."), *citing Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-813 (1985).

Even if Plaintiff intends to opt out of the *Cody* class, this matter should be stayed until *Cody* is resolved. Generally, courts consider the following factors in determining whether to grant a stay: "(1) whether a stay would unduly prejudice or present a clear

---

[1] Judge Fleissig's order is currently on appeal to the Eighth Circuit. *See* Appeal No. 22-2348.

tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Softview Computer Prods. Corp.,* 2000 WL 1134471, at *2–3, quoting *Xerox Corp. v. 3Com Corp.,* 69 F. Supp. 2d 404, 406 (W.D.N.Y.1999) (citations omitted).

A stay would not unduly prejudice or present a clear tactical disadvantage to Plaintiff in this matter. In awaiting the outcome in *Cody*, Plaintiff is only out time. And it can hardly be said that a delay in litigation would prejudice Plaintiff as he waited well over six years after his release from MSI to file suit. Moreover, a stay would help to simplify the issues in question as the outcome in *Cody* is linked to the outcome of Plaintiff's conditions claims. And finally, while a tentative trial date has been set, discovery is not yet complete. These factors in combination weigh in favor of staying proceedings in this matter pending the outcome in *Cody*.

    2)  <u>Alternatively, this Court should stay proceedings in this matter unless and until the Court rules on Defendants' motion to dismiss.</u>

On April 12, 2021, Defendants filed their motion to dismiss Plaintiff's original complaint. (Doc. 12). In their motion, Defendants argued, in part, that Plaintiff's claims were time-barred by the applicable statute of limitations. (Doc. 14). Plaintiff attempted to overcome Defendants' statute of limitations argument by filing an Amended Complaint that added various fraud claims, including intentional fraudulent misrepresentation, negligent fraudulent misrepresentation, and fraudulent concealment. (Doc. 16). On May 24, 2021, Defendants filed a motion to dismiss the Amended Complaint arguing, in part, that Plaintiff's claims were time-barred by the applicable statute of limitations and that Plaintiff's fraud claims failed to state a claim for which relief may be granted. (Doc. 20).

Defendants' motion to dismiss the Amended Complaint was fully briefed on July 4, 2021. (Doc. 34). To date, the Court has yet to rule on Defendants' motion to dismiss. A positive ruling on Defendants' motion would dispose of this case in its entirety.

When determining whether a stay is appropriate pending the resolution of a motion to dismiss in a particular case, federal courts have considered various factors, including: (1) whether the movant has shown a likelihood of success on the merits of the dispositive motion; (2) hardship or inequity to the moving party if the matter is not stayed; (3) prejudice to the non-moving party; and (4) the conservation of judicial resources. *See Dufrene v. ConAgra Foods, Inc.*, No. 15-CV-3796 (WMW/LIB), 2016 WL 10651947, at *2 (D. Minn. Apr. 7, 2016), citing *Johnson v. Cty. of Douglas, Neb.*, 2011 WL 9368969, at *2 (D. Neb. July 6, 2011) and *Benge v. Eli Lilly & Co.*, 553 F.Supp.2d 1049, 1050 (N.D. Ind. 2008)).

To the first factor, Defendants have shown a likelihood of success on the merits of their dispositive motion in that Plaintiff's claims are time-barred by the applicable statute of limitations, as outlined in Defendants' memorandum of law and reply. (Docs. 23, 34). Moreover, three judges in this circuit have recently dismissed identical fraud claims by plaintiff's counsel for failure to state a claim. *See Berry v. City of St. Louis, et al.*, No. 4:21-CV-132-SPM, 2022 WL 2064605, at *7 (E.D. Mo. June 8, 2022); *McKinney v. City of St. Louis, et al.*, No. 4:21-CV-139-JCH, 2022 WL 2104025, at *7 (E.D. Mo. June 10, 2022); *Williams v. City of St. Louis, et al.*, No. 4:21 CV 140 CDP, 2022 WL 2817574, at *7-8 (E.D. Mo. July 19, 2022). Therefore, Defendants have shown a likelihood of success on the merits of their motion, and a stay should be granted.

Secondly, this case has already progressed through a lengthy and laborious

discovery process, with Defendants producing thousands of documents. Recently, Plaintiff has requested even more documents, including any and all records related to jail conditions from 2008-2016, Corrections policies going back to 2008, and staff and inmate complaints of a City jail going back to 2012. These additional records will, no doubt, require the production of several more thousand documents. It is a hardship on Defendants' time and resources to continue with such laborious discovery while a real possibility of dismissal looms.

Third, there is no prejudice to Plaintiff to stay the case; in fact, a grant of Defendants' motion to dismiss would spare Plaintiff unnecessary discovery efforts and expenses. Finally, it is in the interest of judicial resources to rule on the motion to dismiss expeditiously, or else the conclusion of discovery brings with it even more dispositive motions for this Court to consider.

Based on consideration of the above factors, proceedings should be stayed until the Court rules on Defendants' motion to dismiss the Amended Complaint.

WHEREFORE, Defendants request a stay of proceedings in this matter, and for any other relief the Court deems just and proper under the circumstances.

Respectfully Submitted,

SHEENA HAMILTON
CITY COUNSELOR

/s/ Abby Duncan
Abby Duncan  #67766 MO
Associate City Counselor
1200 Market Street
City Hall, Room 314,
St. Louis, MO  63103
314.622.3361
DuncanA@stlouis-mo.gov

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2022, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system.

/s/ Abby Duncan