# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:21-CV-00137 |
| v. | ) |
| | ) |
| CITY OF ST. LOUIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS

COME NOW Defendants, and in reply for their motion to stay proceedings, state as follows:

Plaintiff's response to Defendants' motion to stay proceedings requests this Court dismiss his conditions claims with prejudice so that he may pursue his allegations through the *Cody* litigation. (Doc. 50, p. 3). Thus, the Court should enter an order dismissing Counts III, VIII, IX, and X against Defendants with prejudice. (Doc. 16).

Even though Plaintiff has, in essence, dismissed his conditions claims against Defendants, this case should still be stayed because of the pending motion to dismiss. In support of his argument against stay, Plaintiff argues that Defendants are unlikely to succeed on the merits of their motion because Defendants have inappropriately asserted new factual allegations, and he argues a stay would be harmful. Not so.

In their motion to dismiss, Defendants did not go outside Plaintiff's allegations to establish new facts. Defendants' motion to dismiss argues, in part, that Plaintiff's claims are time-barred because, as a legal matter, § 1983 claims begin to accrue once Plaintiff is

1

out of custody. *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) (holding § 1983 claims based on detention without probable cause accrue when the detention ends). Plaintiff's Complaint alleges that Plaintiff's detention ended on July 24, 2014, yet his § 1983 claims, for which there is a five-year statute of limitations per RSMo. § 516.120, was not filed until February 3, 2021, over two years after the statute of limitations had expired. (Doc. 1; Doc. 16, ¶¶ 20). In an effort to overcome Defendants' statute of limitations argument, Plaintiff's Complaint added allegations of fraud within his § 1983 assertions, but, as a matter of law, Plaintiff's allegations of fraud are not actionable under § 1983. *See e.g.*, *Owens v. City of St. Louis*, No. 4:03CV52 RWS, 2005 U.S. Dist. LEXIS 35687, at *9 (E.D. Mo. Aug. 18, 2005) ("Although the [fraud] claim references 42 U.S.C. §§ 1983 and 1988, this claim is purely a state law claim for fraud"). These issues are matters of law for the Court to decide, and do not depend on any "new factual allegations," as Plaintiff alleges.

As to the merits of Plaintiff's fraud claims, three judges in this circuit have recently dismissed identical fraud claims by plaintiff's counsel for failure to state a claim; therefore, Defendants have demonstrated a likelihood of success on those claims. *See Berry v. City of St. Louis, et al.*, No. 4:21-CV-132-SPM, 2022 WL 2064605, at *7 (E.D. Mo. June 8, 2022); *McKinney v. City of St. Louis, et al.*, No. 4:21-CV-139-JCH, 2022 WL 2104025, at *7 (E.D. Mo. June 10, 2022); *Williams v. City of St. Louis, et al.*, No. 4:21 CV 140 CDP, 2022 WL 2817574, at *7-8 (E.D. Mo. July 19, 2022).

Defendants' motion also successfully argues that the individual-Defendants are entitled to qualified immunity. (Doc. 23, p. 16-18). The Supreme Court has repeatedly stressed the importance of "resolving immunity questions at the earliest possible stage in

litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The reason for this is because qualified immunity is "an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526, (1985). Indeed, the Supreme Court has made clear that the "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that " 'insubstantial claims' against government officials [will] be resolved prior to discovery." *Anderson v. Creighton,* 483 U.S. 635, 640, n. 2 (1987). By delaying a ruling on Defendants' motion to dismiss, and permitting discovery to continue, the "driving force" behind qualified immunity is lost.

Plaintiff's assertions as to the harm of delay is unconvincing. In his response, Plaintiff alleges he learned of his illegal confinement in August 2019, (doc. 50, p. 4), yet he delayed bringing suit for over a year and a half. Defendants' motion was fully briefed back in July 2021; the Court has had over a year to consider Defendants' motion, so a decision on its merits cannot be far off and any harm of delay is minimal. Conversely, there is harm to both parties if discovery continues, and with it discovery efforts and expenses, when the Court may dismiss Plaintiff's claims entirely.

For all these reasons, Defendants request a stay of proceedings in this matter, and for any other relief the Court deems just and proper under the circumstances.

Respectfully Submitted,

SHEENA HAMILTON
CITY COUNSELOR

/s/ Abby Duncan
Abby Duncan #67766 MO
Associate City Counselor
1200 Market Street
City Hall, Room 314,
St. Louis, MO 63103
314.622.3361
DuncanA@stlouis-mo.gov

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on October 17, 2022, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system.

    /s/ Abby Duncan