UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL JONES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:21-cv-137-NAB |
| CITY OF ST. LOUIS, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff Michael Jones's First Amended Complaint. (Doc. 20). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 24). The motion has been fully briefed. On November 17, 2022, the undersigned held a hearing in which counsel presented arguments to the Court. At this hearing, Plaintiff also made an oral motion to dismiss certain claims. For the reasons set out below, the Court will grant Plaintiff's oral motion, and will grant in part and deny in part Defendants' motion.

**I.   FACTUAL BACKGROUND**[1]

In or around August 2013, Plaintiff Michael Jones was charged with one felony and one misdemeanor by the City of St. Louis Circuit Attorney's Office. He was represented by the St. Louis City Public Defender's Office and held at the St. Louis Medium Security Institution ("MSI") pending trial on a bond he could not afford to pay. On November 26, 2013, Plaintiff's case was dismissed by the court. However, he was not released from MSI until "on or after July 24, 2014," without any notification that he was detained after dismissal of his case. Plaintiff learned of his

---

[1]   The Court draws these facts from Plaintiff's allegations in the First Amended Complaint. (Doc. 16). In so doing, the Court, as it must, liberally construes the complaint in favor of Plaintiff and draws all reasonable inferences in his favor. *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010); *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010); *Pederson v. Frost*, 951 F.3d 977, 979 (8th Cir. 2020).

delayed release in August 2019.

On February 3, 2021, Plaintiff brought this action, which stems from his eight-month detention at MSI after the dismissal of his charges. Plaintiff filed an Amended Complaint on May 3, 2021. Plaintiff sues the City of St. Louis ("the City") and the following defendants in their individual capacities: Michael Guzy, a former employee of the Sheriff of the City; Jeff Carson, the Superintendent of MSI; Charlene Deeken, the former Director of the City's Department of Public Safety; and Dale Glass, the Commissioner of the City's Division of Corrections (collectively referred to herein as "the individual defendants").

The Amended Complaint alleges that the individual defendants kept Plaintiff incarcerated before and after his charges were dismissed; the individual defendants kept him incarcerated in unsanitary conditions at MSI; the individual defendants failed to inform him and failed to ensure he was informed that his charges were dismissed and that he was being detained despite his charges being dismissed. The Amended Complaint also alleges the City and individual defendants knew or should have known that Plaintiff was incarcerated despite the charges being dismissed, and concealed from Plaintiff the fact that he was incarcerated despite his charges being dismissed.

The Amended Complaint further alleges that the City and individual defendants had a duty to ensure Plaintiff's rights were not violated while he was within their custody; had a duty to inform Plaintiff he had been wrongfully imprisoned because they had superior information regarding Plaintiff's incarceration not reasonably available to Plaintiff; have a responsibility to determine when people are supposed to be released from the custody of the City and to provide for their immediate release; and, that they have a duty to ensure that plaintiff and other pre-trial detainees are not subjected to unsanitary conditions and punishment while awaiting trial. Plaintiff also alleges the City and individual defendants have or had the responsibility to set policies, direct staff

training, and establish patterns or practices of the City with respect to the incarceration and release of individuals entitled to release, and the conditions of confinement at MSI.

The Amended Complaint alleges that, aside from Plaintiff, other people residing in corrections institutions in the City were unlawfully detained after charges had been dropped against them, including clients of the Missouri State Public Defender System, and were subject to unsanitary conditions at MSI. The Amended Complaint further alleges the Office of the Missouri State Public Defender for the City of St. Louis informed the City and individual defendants that people were being wrongfully incarcerated in correctional facilities in St. Louis City. Finally, Plaintiff alleges that actions of the City and individual defendants caused him physical harm and severe emotional distress, embarrassment, humiliation, and damage to his reputation.

Plaintiff's Amended Complaint contains fourteen counts asserting federal and state law claims against the City and individual defendants. (Doc. 16). Counts I, II, V, VI, and VII are brought pursuant to 42 U.S.C. § 1983 and assert that the individual defendants violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments (Counts I and II) and that Plaintiff was harmed because the City and individual defendants failed to establish policies; failed to train staff; and had a pattern or practice of wrongful imprisonment (Counts V, VI, and VII). Count III asserts that the individual defendants violated Plaintiff's Fifth and Fourteenth amendment rights by subjecting him to unsanitary jail conditions amounting to pre-trial punishment. Counts VIII, IX and X allege that Plaintiff was harmed because the City and individual defendants failed to establish policies; failed to train staff; and had a pattern or practice of subjecting pretrial detainees to unsanitary jail conditions. The remaining counts are state law claims against the individual defendants for false imprisonment (Count IV) and negligent false imprisonment (Count XIV) and against the City and individual defendants for intentional fraudulent misrepresentation (Count XI), negligent fraudulent misrepresentation (Count XII), and fraudulent concealment (Count XIII).

## II. LEGAL STANDARD

In the instant motion, the City and individual defendants have moved to dismiss all counts under Fed. R. Civ. P. 12(b)(6). Plaintiff opposes the motion. For a plaintiff to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

Although courts must accept all factual allegations as true, they are not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78. And, "factual allegations must be enough to raise a right to relief above the speculative level." *Torti v. Hoag,* 868 F.3d 666, 671 (8th Cir. 2017) (citation omitted).

## III. DISCUSSION

Defendants argue that Plaintiff fails to state plausible claims under §1983 and state law for false imprisonment, negligent false imprisonment, and fraud. Defendants also argue that Plaintiff's §1983 and false imprisonment claims are time-barred.

4

### A. Plaintiff's Voluntary Dismissal of Certain counts

On September 15, 2022, Defendants filed a motion to stay, requesting that the Court stay these proceedings for two reasons: 1) Plaintiff is a member of a class action lawsuit currently pending for jail conditions; and 2) the Court had not entered an Order on the pending motion to dismiss. At the motion hearing held on November 17, 2022, and in conjunction with the representations made in his response to the motion to stay (Doc. 50), Plaintiff made an oral motion to dismiss without prejudice Counts III, VIII, IX, and X. Plaintiff requested these claims, which involve his allegations of unsanitary jail conditions at MSI, be dismissed so he may opt into the class action lawsuit before the Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri. *See James Cody, et al., v. City of St. Louis*, 4:17-CV-2707. Plaintiff also made an oral motion to dismiss Count II as it is duplicative of Count I.[2] Defendants did not oppose this oral motion. Based on the representations and reasoning made by the parties at the motion hearing on November 17, 2022, and in their respective briefs, the undersigned will grant Plaintiff's oral motions. Counts II, III, VIII, IX, and X are dismissed without prejudice.

### B. Plaintiff's § 1983 Claims

#### 1. Statute of Limitations

Defendants' first argument is that Plaintiff's § 1983 claims are barred by the statute of limitations.

When considering a Rule 12(b)(6) motion based on the running of the statute of limitations, the Court may only grant the motion if it is clear from the face of the complaint that the limitations period has run and the complaint contains no facts to toll that running. *Bishop v. DeLaval Inc.*, 466 F.Supp.3d 1016, 1021 (W.D. Mo. 2020) (citing *JJ Holand Ltd. v. Fredrikson & Byron, P.A.*, Civ.

---

[2] The Court also notes that three other judges within this district have dismissed the same claims as duplicative. *See McKinney v. City of St. Louis*, No. 4:21-CV-139-JCH, 2022 WL 2104025, at *4 (E.D. Mo. June 10, 2022); *Berry v. City of St. Louis*, No. 4:21-CV-132-SPM, 2022 WL 2064605, at *4 (E.D. Mo. June 8, 2022); *Williams v. City of St. Louis*, No. 4:21-CV-140-CDP, 2022 WL 2817574, at *4 (E.D. Mo. July 19, 2022).

No. 12-3064, 2013 WL 3716948, at *5 (D. Minn. Jul. 12, 2013)) (citing *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004)); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) ("As a general rule, the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismiss unless the complaint itself establishes the defense.").

While section 1983 does not contain its own statute of limitations, section "1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). In Missouri, a plaintiff has five years within which to bring a personal-injury claim. Mo. Rev. Stat. § 516.120(4) (An action must be brought within five years "for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated."). Here, all of the facts alleged by Plaintiff took place in Missouri. Thus, a five-year statute of limitations governs Plaintiff's various claims under § 1983. *See Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005) ("Missouri's five-year statute of limitations for personal injury actions, Mo. Rev. Stat. § 516.120(4) (2000), applies to all of [the plaintiff]'s section 1983 claims." (citations omitted)).

Though state law governs the limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, such a claim accrues when the plaintiff has "a complete and present cause of action." *Id.* (citing *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)) (internal quotations omitted). The cause of action arises "when the wrongful act or omission results in damages," despite the fact that the plaintiff may not know or be able to predict the full extent of the injury. *Id.* at 391; *see also*

*Rassier v. Sanner*, 996 F.3d 832, 837–38 (8th Cir. 2021) (holding that the statute of limitations begins to run once the alleged tortious act results in damages, not when the plaintiff believes that he has sufficient evidence to obtain relief).

Here, Defendants argue that the statute of limitations began to accrue when Plaintiff was released from MSI on July 24, 2014. *Manual v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) (holding that § 1983 claims based on detention without probable cause accrue when the detention ends). Defendants further assert that the statute of limitations was not tolled because Plaintiff "knew or should have known" that he was wrongfully detained after charges were dismissed because he was represented by counsel in the state proceedings. However, Plaintiff argues that the statute of limitations was tolled because Defendants concealed the wrongful detention from him, and he was not in a position to know this fact.

When adjudicating § 1983 claims, the Court "generally refer[s] to state law for tolling rules, just as [it does] for the length of statutes of limitations." *Wallace*, 549 U.S. at 394; *see Montin v. Johnson*, 636 F.3d 409, 413 (8th Cir. 2011). Missouri law provides that "[i]f any person, by absconding or concealing himself, or by any other improper act, prevent [sic] the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented." Mo. Rev. Stat. § 516.280. Improper acts are "uniformly held to mean some act on the part of the defendant that would hinder or delay the commencement of a suit, the service of process or some necessary step in relation thereto." *Wheeler v. Missouri Pac. R. Co.*, 328 Mo. 888, 42 S.W.2d 579, 583 (1931). However, section 516.280 "is inapplicable if a plaintiff knows or should have known he had a cause of action." *State ex rel. Heart of Am. Council v. McKenzie*, 484 S.W.3d 320, 325 (Mo. 2016) (quoting *Wolff*, 923 S.W.2d at 400).

Plaintiff has alleged that defendants concealed the fact of his illegal detention at the time of his release and that his wrongful incarceration was not capable of ascertainment until August of 2019. The Court concludes that Plaintiff has adequately pleaded sufficient facts to toll the statute of limitations and survive dismissal of his § 1983 claims on timeliness grounds at this time. This finding is similar to another case in which the Honorable Catherine D. Perry, Senior United States District Judge for the Eastern District of Missouri, found the statute of limitations was tolled for state law claims. *See Williams v. City of St. Louis*, No. 4:21-CV-140-CDP, 2022 WL 2817574, at *7 (E.D. Mo. July 19, 2022). Whether defendants may ultimately be entitled to dismissal of these claims on statute of limitations grounds is not before me at this stage of the proceedings. However, at this early stage of proceedings, Plaintiff's Amended Complaint does contain some facts that toll the period, namely, that defendants were aware multiple individuals were being incarcerated after charges were dismissed and had been notified of this fact. *Bishop v. DeLaval Inc.*, 466 F.Supp.3d 1016, 1021 (W.D. Mo. 2020).

2. **STANDARD FOR § 1983 CLAIMS**

To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law; and (2) that the alleged conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). The pleading requirements a plaintiff must meet for individual defendants is different from the pleading requirements for municipal defendants like the City.

A plaintiff pursuing a claim against individuals under §1983 must "allege facts supporting any individual defendant's personal involvement or responsibility for the violations" alleged. *Ellis v. Norris,* 179 F.3d 1078, 1079 (8th Cir. 1999). "To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility

Case: 4:21-cv-00137-NAB   Doc. #: 58   Filed: 11/21/22   Page: 9 of 17 PageID #: 343

for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

"Respondeat superior is not applicable to § 1983 claims." *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987) (per curiam). Thus, for example, "a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement," which is required to state a § 1983 claim against an individual defendant. *Id.* However, the supervisory employee "might be liable if [he] had made policy decisions resulting in the alleged unconstitutional conditions." *Id.* Under § 1983, a supervisor may be held liable for constitutional violations caused by his or her "failure to properly supervise and train the offending employee." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014). As one court has put it,

> Individual liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights . . . . For a supervising officer to be liable under § 1983 for the constitutional violation of a subordinate based on a failure to supervise . . . the supervisor must have demonstrated deliberate indifference or tacit authorization of the offensive acts.

*Doe HM v. City of Creve Coeur, Mo.*, 666 F. Supp. 2d 988, 997 (E.D. Mo. 2009) (citations omitted). "Proof of actual knowledge of constitutional violations is not . . . an absolute prerequisite for imposing supervisory liability . . . . [However, a] single incident, or a series of isolated incidents, usually provides an insufficient basis upon which to assign supervisory liability." *Howard v. Adkison*, 887 F.2d 134, 138 (8th Cir. 1989).

"A municipality [like the City] may be liable under § 1983 when an official municipal policy or custom caused a violation of a plaintiff's substantive due process rights." *Russell v. Hennepin Cty.*, 420 F.3d 841, 846 (8th Cir. 2005) (citations omitted). "[A] policy is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). "A municipal custom is a practice of municipal officials that is not authorized by written

9

law, but which is so permanent and well-settled as to have the force of law." *Russell*, 420 F.3d at 849.

"To establish a constitutional violation resulting from such a custom, a plaintiff must show that his alleged injury was caused by municipal employees engaging in a widespread and persistent pattern of unconstitutional misconduct that municipal policymakers were either deliberately indifferent to or tacitly authorized." *Id.* Likewise, "municipal liability for . . . failure to supervise . . . requires proof that the failure amounts to deliberate indifference to the rights of persons with whom the employee comes into contact," and that the "municipal inaction [is] the moving force behind the constitutional violation." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id*

### 3. § 1983 CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS (COUNTS I, V, VI, AND VII)

In moving to dismiss Plaintiff's §1983 claims, the individual defendants argue that Plaintiff's federal claims should be dismissed because the Amended Complaint fails to plausibly allege that the individual defendants were personally involved in violating Plaintiff's rights.[3] The Eighth Circuit and at least one district court in our circuit have suggested that supervisory employees, like the individual defendants in this case, can be held to answer § 1983 claims stemming from prolonged detention where there are allegations (or evidence) that the supervisory employees had actual or constructive knowledge that the wrongfully detained person was entitled to be released. *See, e.g., Davis v. Hall*, 375 F.3d 703, 716 (8th Cir. 2004) (affirming the denial of summary judgment on § 1983 claims for prolonged incarceration as to those defendants who "were on notice that [the wrongfully detained person] was entitled to be released"); *Payne v. City of Saint*

---

[3] Defendant Guzy argues that he is only pled "to be no more than a Sherriff's Department employee" and that it is "wholly implausible" such an employee to have the responsibility or authority to establish such policy, train employees, or establish a pattern or practice.

10

*Louis, Missouri*, No. 4:17-CV-01769-AGF, 2018 WL 583043, at *7 (E.D. Mo. Jan. 29, 2018) (unpublished) (denying movants motion to dismiss based on the plaintiff's alleged 15-day wrongful detention after charges were dismissed).

In this case, Plaintiff's Amended Complaint admittedly contains very few facts detailing the specific role each of the individual defendants played in his prolonged incarceration. However, at the motion to dismiss stage, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory" and, to meet that standard, need only contain "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Twombly*, 550 U.S. at 556 & 562 (emphasis omitted). When the Court accepts, as it must, Plaintiff's factual allegations as true and draws all reasonable inferences in favor of Plaintiff, the Amended Complaint meets that standard.

The Amended Complaint alleges that the individual defendants are the Superintendent of the City's Medium Security Institution, Director of the City's Department of Public Safety, and Commissioner of the City's Division of Corrections—individuals who are relatively high-level supervisory City officials with some connection, direct or indirect, to the facility where Plaintiff was incarcerated. The Amended Complaint further alleges the individual defendants had actual or constructive knowledge that Plaintiff was incarcerated despite having had his charges dismissed and the Office of the Missouri State Public Defender for the City of St. Louis informed the individual defendants that people were being wrongfully incarcerated in correctional facilities in St. Louis City. While the paucity of specific facts makes this a close question, with respect to Plaintiff's wrongful incarceration and related supervisory claims (Counts I, V, VI, and VII), a reasonable inference can be drawn based on the limited record that the individual defendants named in these Counts were on notice of and deliberately indifferent to or authorized the violations alleged. *See McKinney v. City of St. Louis*, No. 4:21-CV-139-JCH, 2022 WL 2104025, at *5 (E.D.

Mo. June 10, 2022); *Berry v. City of St. Louis*, No. 4:21-CV-132-SPM, 2022 WL 2064605, at *5 (E.D. Mo. June 8, 2022); *Williams v. City of St. Louis*, No. 4:21-CV-140-CDP, 2022 WL 2817574, at *4-5 (E.D. Mo. July 19, 2022). With respect to Defendant Guzy, at this early stage of the proceedings, further development may flesh out more specific facts; however, Plaintiff's allegations satisfy the standard at the motion to dismiss stage.

The individual defendants argue, in the alternative, that the federal claims against them should be dismissed because they are entitled to qualified immunity. The United States Supreme Court has held:

> The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known. The dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. ***The qualified immunity analysis thus is limited to the facts that were knowable to the defendant officers at the time they engaged in the conduct in question***. Facts an officer learns after the incident ends—whether those facts would support granting immunity or denying it—are not relevant.

*Hernandez v. Mesa*, 137 S. Ct. 2003, 2007 (2017) (citations omitted) (emphasis added). To determine whether a defendant is entitled to qualified immunity, the Court must "conduct a two-step inquiry: (1) whether the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) whether the right was clearly established at the time of the deprivation." *Solomon v. Petray*, 795 F.3d 777, 786 (8th Cir. 2015).

In this case, the individual defendants have predicated their qualified immunity argument solely on their contention that they are not alleged to have been personally involved in any violation of Plaintiff's rights. However, as set out above, based on the limited record at this stage the Court disagrees. The individual defendants are not entitled to qualified immunity because, at the time of the events in this case, it was clearly established that an individual may not be detained

after charges against him or her have been dismissed. *See Davis,* 375 F.3d at 712 (wrongful, prolonged incarceration)*; Payne*, 2018 WL 583043, at *8.

### 4.   § 1983 CLAIMS AGAINST THE CITY (COUNTS V, VI & VII)

In moving to dismiss Plaintiff's federal claims, the City argues that Plaintiff has not established the existence of such policies, customs, or patterns with respect to his claims. In evaluating a motion to dismiss, however, the question is not what the plaintiff has established, but rather what he has pleaded. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (emphasis omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556.

While the facts contained in the Amended Complaint are again relatively light, Plaintiff has plausibly alleged that his right not to be detained after charges against him were dismissed was violated because of the hiring, training, supervision, policies, customs, and practices, or lack thereof, of the City. He has further alleged that other individuals have been similarly wrongfully detained at MSI and that the City was put on notice of those alleged detentions. At this early stage in the litigation, the Court finds that Plaintiff has stated a plausible claim for municipal liability.

### C.  PLAINTIFF'S STATE LAW CLAIMS

Regarding Plaintiff's state law claims, (Counts IV, XIV, XI, XII, and XIII), the individual defendants contend that Plaintiff's claims for false imprisonment and negligent false imprisonment should be dismissed as time-barred and because Plaintiff has failed to plausibly allege that they exercised any personal control over Plaintiff or encouraged, caused, promoted, or instigated his confinement in any way. The City argues that Plaintiff's fraud claims against it should be dismissed because it is entitled to sovereign immunity and Plaintiff has failed to allege the City waived such immunity. The individual defendants argue Plaintiff's Amended Complaint does not meet the

heightened pleading requirements for fraud and, alternatively, that they owed no legal duty to inform Plaintiff of his wrongful imprisonment.

### 1. FALSE IMPRISONMENT CLAIMS: COUNTS IV AND XIV

The individual defendants contend that Plaintiff's false imprisonment claims are governed by Mo. Rev. Stat. § 516.140, which prescribes a two-year statute of limitations for false imprisonment claims. According to defendants, Plaintiff's claims accrued upon his release from jail on July 24, 2014. Because Plaintiff did not file this action until February 3, 2021, 1,655 days after the two-year statute of limitations expired, defendants claim that Plaintiff's false imprisonment claims should be dismissed as untimely.

"A court may consider a statute of limitations argument at the motion to dismiss stage only if it appears from the face of the complaint that the limitations period has run and the complaint contains no facts to toll that running." *Bishop v. DeLaval Inc.*, 466 F. Supp. 3d 1016, 1022 (W.D. Mo. 2020). Under Missouri law, civil actions accrue under Mo. Rev. Stat. § 516.140 "when the damage resulting therefrom is sustained and is capable of ascertainment...." Mo. Rev. Stat. § 516.100. Here, Plaintiff has alleged that defendants concealed the fact of his illegal detention at the time of his release and that his wrongful incarceration was not capable of ascertainment until August of 2019. The Court concludes that Plaintiff has adequately pleaded sufficient facts to toll the statute of limitations and survive dismissal of his false imprisonment claims on timeliness grounds at this time. *See Williams v. City of St. Louis*, No. 4:21-CV-140-CDP, 2022 WL 2817574, at *7 (E.D. Mo. July 19, 2022) (finding same). Whether defendants may ultimately be entitled to dismissal of these claims on statute of limitations grounds is not before me at this stage of the proceedings.

For purposes of the false imprisonment claims, Missouri law provides that "public officers are not responsible for acts of subordinate officials, if such subordinates are themselves employees

of the government, where there is no negligence on the part of such public officials in employing them, unless the superior officer has directed or encouraged or ratified such acts or has personally co-operated therein." *State ex rel. Green v. Neill*, 127 S.W.3d 677, 679 (Mo. 2004). Plaintiff must show:

> If the confinement is due to the defendant's negligence, the latter may be so liable, but the action is then governed by the rules and principles of the tort of negligence, according to which the plaintiff is required to show actual damage. In other words, there can be no tort as a negligent false imprisonment that of itself makes the defendant liable without proof of the invasion of some interest other than the bare interest in freedom from confinement.

*Bramon v. U-Haul, Inc.*, 945 S.W.2d 676, 681 (Mo. Ct. App. 1997) (emphasis added).

For the same reasons discussed above, a reasonable inference can be drawn based on the limited record that the individual defendants in Count IV were on notice of and deliberately indifferent to or authorized the violations alleged. Additionally, for Plaintiff's negligent false imprisonment claim (Count XIV), construing the Amended Complaint in favor of Plaintiff, it is plausible that Plaintiff suffered actual damages, which means that the motion to dismiss must be dismissed at this time. Whether Plaintiff can ultimately prevail on these claims is not before me at this stage of the proceedings. The motion to dismiss the false imprisonment claims is denied.

2. **FRAUD CLAIMS: COUNTS XI, XII, AND XIII**

Fed. R. Civ. P. 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Supreme Court has explained: "Rule 8(a)'s simplified pleading standard applies to all civil actions, [but] Rule 9(b) . . . provides for greater particularity in all averments of fraud or mistake." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002); *see also Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir. 2005) (discussing heightened pleading requirements and quoting *Sierkiewicz*). "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and

15

content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir. 2006). In other words, federal law requires that the claim contain "the who, what, when, where, and how: the first paragraph of any newspaper story." *Great Plains Trust Co. v. Union Pac. R.R. Co .,* 492 F.3d 986, 995 (8th Cir. 2007) (internal quotation omitted).

After taking the allegations contained in Plaintiff's Amended Complaint as true and drawing all reasonable inferences in his favor, the Court agrees with Defendants, Plaintiff failed to allege with any specificity the particular circumstances constituting Defendants alleged fraudulent conduct. Plaintiff's Amended Complaint merely alleges in broad, conclusory allegations that all Defendants perpetrated fraud. For example, Count VII provides the following:

> 186. Due to Defendants' actions or inactions, Plaintiff was incarcerated for at least fourteen days after the criminal charges against him were dismissed.
> 187. By continuing to incarcerate Plaintiff after criminal charges were dismissed, Defendants represented to Plaintiff that he was legally incarcerated.
> 188. Defendants made this representation with the intention that Plaintiff would rely on their representation.
> 189. Defendants' representation was false.
> 190. Defendants knew or were ignorant of the truth.
> 191. Defendants' representation was material to Plaintiff being wrongfully imprisoned.
> 192. Plaintiff relied on the representation, and this reliance was reasonable under the circumstances.
> 193. Defendants fraudulently concealed from Plaintiff the fact that he was wrongfully imprisoned in order to prevent Plaintiff from discovering that he had a legal claim against Defendants.
> 194. Defendants' misrepresentation delayed Plaintiff from filing suit against Defendants.

Doc. 16 at 19-20 ¶¶ 186-94 (Count XI). Counts XII and XIII follow this same format.

Rule 9(b) requires more than such conclusory and generalized allegations. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002) (explaining "[c]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy [Rule 9(b) ]" (quoting *Com. Prop. Inv. v. Quality Inns*, 61 F.3d 639, 644 (8th Cir.1995))); *see also U.S. ex rel. Costner v. United States*, 317 F.3d 883, 889 (8th Cir. 2003) (concluding the plaintiff's complaint was "not specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong" (citation omitted)). Because the allegations in Counts XI, XII, and XIII fail to meet the pleading requirements, they will be dismissed without prejudice.

### IV.     CONCLUSION

For all the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's oral motion to dismiss, made at the November 17, 2022 hearing, is **GRANTED**. Counts II, III, VIII, IX, and X are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 20) is **GRANTED in part and DENIED in part**. Defendants' Motion to Dismiss is **GRANTED** to the extent that Counts XI, XII, and XIII are **dismissed without prejudice**. Defendants' Motion is otherwise **DENIED**.

                                                                            _____
                                                                            NANNETTE A. BAKER
                                                                            UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of November, 2022.